KOPPEL INDUSTRIAL CAR & EQUIPMENT COMPANY ET AL., Plff.,

*v.*

CENTRAL BAYANEY & ARECIBO SUGAR COMPANY, Dfts.

San Juan, Equity, No. 1209.

Opinion filed February 3, 1923.

*Messrs. Francisco Acosta Velarde* and *Eduardo Acuña,* attorneys for the complainants.

*Mr. R. Rivera Zayas,* attorney for the defendants.

·ODLIN, Judge, delivered the following opinion:

The bill in equity filed herein on January 27th, 1923, being in the nature of a general creditor's bill, sought from this court several elements of relief, one of which was that a receiver should be appointed to take charge of the business, property, and assets of the defendants, used in connection with the property known as Central Bayaney, and to manage the business thereof during the pendency of this litigation.

This court issued a rule directed to both corporations named as defendants, directing them to show cause why a receiver should not be appointed, as prayed for by the complainants; and in response to such rule an answer was filed on February 1, 1923, setting forth five grounds why this court should deny the prayer asking for the appointment of a receiver, and also setting forth in said answer a claim on behalf of both defendants that the bill itself should be dismissed.

The matter has been thoroughly argued by the respective counsel, and this court, after considering the matter, finds it

unnecessary to discuss any of the five grounds for dismissal set forth in said answer except the second ground which, in substance, is as follows: to wit, it appears from the bill of complaint that in the latter part of the year 1921 a suit was begun in the Insular district court of San Juan by the Banco Commercial of Puerto Rico, holder of a mortgage which had been given by the defendant, Central Bayaney, Incorporated; that in this suit a receiver was appointed by the judge of the said Insular district court and that said receiver took charge of all the properties of the said defendant, Central Bayaney, Incorporated; it is admitted by these defendants in the present suit that while it is true that the receivership was terminated by virtue of a certain agreement in the nature of a reorganization, the principal suit is still pending in the Insular district court of San Juan, and there is also pending at the present time a motion to set aside the said reorganization agreement. It is, therefore, clear to this court that if the Insular district court of San Juan should render its decision in accordance with the motion there pending, the previous status of the original litigation would be restored, including the former receivership.

The rule is well established that in order to avoid unfortunate conflicts of jurisdiction between Federal courts and local courts, that court which first obtained jurisdiction of a controversy shall retain jurisdiction, except in certain limited classes of cases. Nothing has been called to my attention in the pleadings as they now stand in this court which entitles me to interfere at the present time with the proceedings in the Insular district court of San Juan.

If the facts are true, as set forth in the second ground of the answer now before me, it seems clear to me that I am without

jurisdiction. It would, however, be unfair to the complainants to dismiss their bill without giving them an opportunity to deny and prove, if they can, that a mistake has been with reference to the status of the litigation in the Insular district court of San Juan.

I, therefore, at this time direct and order that the present bill be dismissed unless the complainants shall either amend their bill or join issue upon the second ground of the present answer, on or before the 19th day of February, 1923.

No receiver will be named by me at this time, but the right is reserved to these complainants to renew their application for a receiver at any time before the date last mentioned.